```
                    UNITED STATES DISTRICT COURT
                              FOR THE
                        DISTRICT OF VERMONT
```

| | |
|---|---|
| MARY FRASER, | : |
| | : |
|     Plaintiff, | : |
| | : |
|     v. | :   Case No. 2:06-cv-210 |
| | : |
| CONCORD GENERAL MUTUAL INSURANCE | : |
| COMPANY, PROGRESSIVE CASUALTY | : |
| INSURANCE CO., UNIVERSAL | : |
| UNDERWRITERS INSURANCE COMPANY, | : |
| | : |
|     Defendants. | : |

## MEMORANDUM and ORDER

In this underinsured motorist coverage dispute, Defendant Progressive Casualty Insurance Co. ("Progressive") has moved, pursuant to Rule 42(b) of the Federal Rules of Civil Procedure, to separate a trial on damages from a trial on bad faith and consumer fraud. Progressive has also moved to stay discovery on the bad faith and consumer fraud claims. For the reasons that follow, the motion to bifurcate and stay (Doc. 75) is **denied.**

Fraser's amended complaint seeks (1) a declaration that Defendant underinsured motorist carriers are liable to her for the full amount of her damages less any liability payments she has received; (2) damages from Progressive for misrepresentation and bad faith; and (3) damages, attorney's fees and exemplary damages from Progressive for violation of Vermont's Consumer Fraud Act. *See* Vt. Stat. Ann. tit. 9, § 2461(b) (2006 & Supp. 2008).

Rule 42(b) provides that a court has discretion to order

separate trials of one or more issues or claims "[f]or convenience, to avoid prejudice, or to expedite and economize." Fed. R. Civ. P. 42(b); *see Simpson v. Pittsburgh Corning Corp.*, 901 F.2d 277, 283 (2d Cir. 1990). Bifurcation is the exception rather than the rule; the Advisory Committee Notes to Rule 42 comment that "separation of issues for trial is not to be routinely ordered, [but] it is important that it be encouraged where experience has demonstrated its worth." Fed. R. Civ. P. 42 advisory committee's note; *see also Miller v. Am. Bonding Co.*, 257 U.S. 304, 308 (1921) ("[T]he general practice is to try all the issues in a case at one time; and it is only in exceptional instances where there are special and persuasive reasons for departing from this practice that distinct causes of action asserted in the same case may be made the subjects of separate trials."). Given the preference for single trials, Progressive bears the burden of showing that separate trials are warranted.

Factors to consider in deciding whether to bifurcate may include: (1) whether the issues are significantly different from one another; (2) whether the issues will be tried to the court or to a jury and whether bifurcation would reduce the likelihood of juror confusion; (3) whether settlement of the claims would be facilitated; (4) whether the posture of discovery on the issues favors a single trial or bifurcation; (5) whether the documentary and testimonial evidence on the issues overlap; and (6) whether a

party will be prejudiced by granting or denying the motion. *Svege v. Mercedes-Benz Credit Corp.*, 329 F. Supp. 2d 283, 284 (D. Conn. 2004); *Hecht v. City of New York*, 217 F.R.D. 148, 150 (S.D.N.Y. 2003); *Dallas v. Goldberg*, 143 F. Supp. 2d 312, 315 (S.D.N.Y. 2001); *Wausau Bus. Ins. Co. v. Turner Const. Co.*, 204 F.R.D. 248, 250 (S.D.N.Y. 2001).

Progressive asserts that judicial economy and the potential for prejudice compel a conclusion that separate trials are warranted here. Its judicial economy argument amounts to the contention that resolution of the damages claim may moot Fraser's bad faith and consumer fraud claims, and that there is no overlap of evidence should a trial on bad faith and consumer fraud be necessary. According to Progressive, should a jury award Fraser less than the amount of UIM coverage available to her, she will not have a bad faith or a consumer fraud claim. Whether or not these claims would survive such a verdict, the evidence pertaining to them is neither unrelated to the damages claim, nor particularly extensive.

Fraser asserts that the evidence of her injuries she presents in her damages case will be relevant to her bad faith claim in explaining to the jury an apparent shift in Progressive's position on UIM coverage.[1] Both parties describe a

---

[1] Progressive has conceded that Tucker, the driver of the truck in which Fraser was a passenger, was at fault. That issue will therefore not arise in the bad faith and consumer fraud claims

3

set of issues, witnesses and evidence that is not at all complex, and highly unlikely to confuse or unduly burden a jury if tried together.  *See* Pl.'s Response 5-6; Progressive's Reply Mem. 12.

Progressive also argues that because there is potential for prejudice whenever bad faith and coverage claims are tried together, the claims should be bifurcated.  The potential for prejudice to the insurer is but one of several factors this Court weighs.  Prejudice to Progressive is certainly to be avoided, but Progressive has not suggested any reason why the mere potential is strong enough to outweigh the undeniable benefits of judicial economy and convenience to the parties, witnesses and jurors of trying all of the issues in this case at one time to one factfinder.

Progressive suggests that a single trial risks disclosure of otherwise privileged documents and communications to the jury that may be considered by it in determining coverage.  In a case where liability is conceded, and the only coverage issue is the extent of injuries, it is unlikely that the evidence relating to Fraser's bad faith claims and consumer fraud claims will influence a jury one way or another on the amount to award her for her injuries.  Fraser alleges that Progressive made certain representations about the terms of her policy in order to induce

---

against Progressive.  It is also apparently no longer at issue in the UIM coverage dispute.

her to consent to a settlement of another accident victim's claim for the limits of liability under the policy, which it later repudiated. A jury is unlikely to view evidence of communications between representatives of Progressive and Fraser's lawyer--that apparently have nothing to do with the extent of her injuries--as having any bearing on its consideration of the medical evidence of Fraser's injuries. Its duty to consider only the evidence relevant to a particular claim can be adequately protected by the Court's instructions in this case.[2] Any contention of invasion of attorney client privilege or work product doctrine will be addressed if and when the issue arises.

Finally Progressive argues that "just the fact that the jury hears that there is a bad faith claim against Progressive is prejudicial to its defense of the coverage claim." Reply Mem. 8. This suggests the Court should adopt a per se rule against trying bad faith and coverage claims together, an outcome not warranted by the law of this jurisdiction.

Because Progressive has not shown that separate trials will promote convenience, avoid prejudice, expedite the resolution of the case or save expense, its motion to bifurcate is **denied**.

Progressive has also moved to stay discovery in this case.

---

[2] Likewise, the jury can be adequately instructed concerning any evidence of settlement negotiations, if admissible under Federal Rule of Evidence 408(b).

Given that it has made no persuasive showing of the need for separate trials, a stay of discovery will serve no useful purpose, and result in prolonging the resolution by trial or settlement of a case originally filed more than two years ago. The motion to stay discovery is also **denied.**

Dated at Burlington, Vermont this 27th day of March, 2009.

/s/ William K. Sessions III
William K. Sessions III
Chief Judge